In the Matter of the Petition of NEW YORK WATER SERVICE CORPORATION, Petitioner, for an Order of Certiorari Directed to WATER POWER AND CONTROL COMMISSION OF THE DEPARTMENT OF CONSERVATION OF THE STATE OF NEW YORK, Respondent, Re Water Supply Application No. 624 Modifying Decision Dated February 6, 1935.

THE CITY OF NEW YORK and the COUNTY of NASSAU, Intervenors, Respondents.

Third Department, January 11, 1939.

Costello, Cooney & Fearon [Henry R. Follett and George R. Fearon of counsel], for the petitioner.

John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General, and Timothy F. Cohan, Assistant Attorney-General, of counsel], for the respondent Water Power and Control Commission.

William C. Chanler, Corporation Counsel [Paxton Blair, George S. Parsons and Theodore R. Lee of counsel], for the intervenor-respondent, The City of New York.

James L. Dowsey, County Attorney [John Mowat Mitchell and Marcus G. Christ of counsel], for the intervenor-respondent, County of Nassau.

PER CURIAM. The petitioner is a public water company and in May, 1931, applied to the Commission for permission to sink additional wells to enable it to supply water to its customers. After notice and hearing and on October 6, 1931, the Commission filed its determination which authorized the petitioner " to sink as many wells as it may find to be necessary in order to obtain sufficient water to meet the needs of its customers," in its water area, and further determined that " Before they are sunk, however, applicant must obtain our approval of the location thereof. After they are sunk applicant must obtain our approval of the quality of the water therefrom, before such water is pumped into the distribution system."

On February 6, 1935, the Commission, without notice, and without further evidence, filed another determination " rescinding " the provision which authorized the company to sink as many wells as it thought necessary, without application to the Commission.

The petitioner now seeks the annulment of the rescinding determination on the ground that " property rights " created by the determination of October 6, 1931, were destroyed by the determination of February 6, 1935.

While the statute gave the water company the power and imposed upon it the duty to supply and distribute water (Transportation Corp. Law, §§ 40–46), the power and duty were subject to the supervision and control of the Conservation Commission, under article XI of the Conservation Law. Section 521-a of that statute had particular application to the distribution of potable waters natural to Long Island, and authorized the Commission to issue " limited or revocable permits " for water wells. Section 523 indicates the procedure to be followed in securing the permission of the Commission, and requires the Commission to pass upon the need for a particular source of supply and the reasons therefor, and also to determine whether the plans are justified by public necessity, and are just and equitable to other civil divisions of the State, after giving consideration to the present and future necessities for sources of water supply. The statute recognizes the serious problem that is present on Long Island with reference to supplies of potable water, and prescribes methods for its preservation and equitable distribution.

By the form of its determination of 1931, the Commission left to the petitioner the future necessity for additional wells, and abandoned to the petitioner the supervision and caution which it owed to other civil divisions to preserve an equitable distribution

of potable water. This was beyond the power of the Commission. And even the apparent authority that was granted to sink as many wells as the petitioner thought necessary, was coupled with the limitation that their locations must be approved by the Commission. The original determination, even in form, not only created no rights in physical property, but no right to do anything or to possess, create, enjoy, prevent or destroy anything. No right was granted which partook of the aspect of property. And accordingly, when the rescinding determination was filed there was no property right to take away; and the determination was not a violation of the due process clause of the Federal Constitution.

The basic complaint of the petitioner being ill-founded, the question of practice became academic.

The determination should be confirmed, with costs.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur; RHODES, J., concurs in the result.

Determination confirmed, with fifty dollars costs and disbursements.